NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AKTHAM ABUHOURAN, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> FLETCHER ALLEN HEALTHCARE, *et al.*, : <br> : <br> Defendants. : <br> : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 07-CV- 05108 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

     This matter comes before the Court upon motion by Defendants Fletcher Allen Healthcare, Inc., the University of Vermont, Dr. Michael A. Horgan, and Dr. Timothy Link ("Fletcher Defendants") to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2), (5), and (6); upon motion by Defendants Peter M. Carter and the Office of the Public Defender ("Carter Defendants") to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6); upon motion by Defendant Correctional Health Services, LLC; and upon motions by Plaintiff, Aktham Abuhouran ("Plaintiff"), for leave to file an Amended Complaint as to the Carter Defendants and for default judgment against Defendant Dr. David Nathan. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that the Defendants' motions to dismiss are **granted**; and that Plaintiff's motions for leave to file an Amended Complaint and default judgment against Dr. David Nathan are **denied**.

**I.     BACKGROUND**[1]

Plaintiff was convicted of bank fraud, money laundering, and perjury in the United States District Court for the Eastern District of Pennsylvania and was a prisoner in the custody of the Federal Bureau of Prisons ("BOP") for a ten-year period spanning from 1997 through 2007.  Plaintiff suffers from certain diseases and physical ailments, including diabetes and spinal cord injuries.  Plaintiff alleges that on October 24, 2004, while he was being held at a federal correctional institution in Ray Brook, NY, he lost his ability to move his lower body and was transferred to the emergency room at Fletcher Allen Health Care ("Fletcher Allen"), a teaching hospital in Burlington, Vermont.  There, Plaintiff claims that Dr. Michael Horgan, Dr. David Nathan, and Dr. Timothy Link performed "[a]n emergency Spinal Cord Decompression for Intradural Abscess surgery."  Plaintiff remained at the hospital for post-operative care until November 4, 2004, at which point he was moved to the Federal Medical Center Fort Devens ("FMC Devens"), an administrative housing unit for federal prisoners who require specialized or long term medical care.

Plaintiff was originally scheduled to be released from FMC Devens in February 2009.  On November 22, 2005, however, Plaintiff claims he received a modified sentence, whereby he was to be released to a halfway house on June 15, 2006, and was to remain there until November 22, 2006, at which point he was to be released from custody.  In June 2006, on the eve of his release to the halfway house, BOP officials informed Plaintiff that he would not be released until February 2009, his original release date.  Plaintiff notified his attorney, who obtained a Court Order clarifying that Plaintiff had received a modified sentence.  Employees at FMC Devens allegedly misinterpreted the Court Order and completely released Plaintiff from custody on November 7, 2006.

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

On November 15, 2006, Plaintiff claims his probation officer scheduled a meeting with him in Newark, New Jersey, at which time he was arrested by two United States Marshals. The reason for his arrest was apparently because the BOP had realized that they had made a mistake regarding the calculation of his release date.

At that point, Plaintiff was taken to Passaic County Jail in Paterson, NJ. On November 16, 2006, Plaintiff was brought before the Honorable Esther Salas, U.S.M.J. who appointed Peter M. Carter, an attorney with the Office of the Federal Public Defender ("OPD") to represent Plaintiff. Plaintiff allegedly informed both Mr. Carter and Judge Salas of his medical conditions and of the fact that he required daily medication. Plaintiff alleges that Judge Salas informed Mr. Carter that Plaintiff's medical needs were to be accommodated and directed Mr. Carter to have Plaintiff returned to the Eastern District of Pennsylvania, where he was originally sentenced. Plaintiff also claims that he personally asked Mr. Carter and OPD to request a hearing before his sentencing judge in the Eastern District of Pennsylvania because he was eligible to serve six months in a halfway house or in home confinement. These requests were allegedly denied or ignored. Plaintiff remained in Passaic County Jail for five days and was then sent back to FMC Devens.

In Plaintiff's original Complaint, he alleged that OPD and Mr. Carter, who were "acting under color of state authority," had violated his constitutional rights by failing to insure that he received proper medical care while he was detained. As a result of this alleged failure, Plaintiff claims that he was "subjected to gratuitous physical, mental and emotional torture for [a] period of five days."

II.     **STANDARD OF REVIEW**

    A.     Fed. R. Civ. P. 12(b)(6)

When deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). In evaluating a Rule 12(b)(6) motion, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

While under the liberal notice pleading standard a plaintiff is not required to plead facts sufficient to prove its case, there still must be an underlying claim for relief before the court. Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004). Moreover, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). A pleading that offers labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In Twombly, the Supreme Court established new language for interpreting the pleading standard when it held that a plaintiff was required to plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The "[f]actual allegations [of the complaint] must be enough to raise a right to relief above the speculative level." Id. at 555. Nonetheless, the Supreme Court specified that there is no heightened standard of fact pleading or requirement to plead specifics. Id. at 570. The Supreme Court explains:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556-57, 570 (2007).

*Pro se* complaints are to be construed liberally. See United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). Even a *pro se* complaint, however, should be dismissed if the complaint is insufficient to satisfy the pleading standard. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Moreover, this Court will dismiss a complaint from a litigant who proceeds *in forma pauperis* if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

**B.     Fed. R. Civ. P. 12(b)(1)**

The standard of review for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) depends on whether the motion is based on a facial or factual challenge to subject matter jurisdiction. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). A facial challenge asserts that the court lacks jurisdiction over a plaintiff's claims on their face. If the defendant's attack is facial, a court must accept as true all allegations in the complaint and draw reasonable inferences in favor of the plaintiff. Mortensen v. Frist Fed. Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Furthermore, a court "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." Liu v. Gonzales, 2007 U.S.

5

...

Dist. LEXIS 74611, at *7 (D.N.J. Oct. 5, 2007).

A factual challenge attacks the existence of a court's subject matter jurisdiction apart from any of the pleadings. See Mortenson v. First Fed. Sav & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). When considering a factual challenge, "no presumpti[on of] truthfulness attaches to a plaintiff's allegations." Martinez v. U.S. Post Office, 875 F. Supp. 1067, 1070 (D.N.J.1995) (citing Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). "Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) factual challenge to jurisdiction need not be limited; conflicting written and oral evidence may be considered and a court may 'decide for itself the factual issues which determine jurisdiction." Id. (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.) Cert. denied, 454 U.S. 897 (1981)). "When resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." Med. Soc'y of N.J. v. Herr, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing Gould Elecs. Inc. v. U.S., 220 F.3d 169, 176, 178 (3d Cir. 2000)). Nonetheless, "[w]here an attack on jurisdiction implicates the merits of plaintiff's [F]ederal cause of action, the district court's role in judging the facts may be more limited." Martinez, 875 F. Supp. at 1071 (citing Williamson, 645 F.2d at 413 n.6). Regardless of whether the challenge is facial or factual, the plaintiff bears the burden of persuasion. Mortensen, 549 F.2d at 891.

### C. Fed. R. Civ. P. 12(b)(2)

When a defendant challenges a court's personal jurisdiction, the plaintiff has the burden of demonstrating that personal jurisdiction exists, through "sworn affidavits or other competent evidence." Abel v. Kirbaran, 267 Fed. Appx. 106, 108 (3d Cir. 2008) (citing Melon Bank (EAST) PSFS, N.A. v. Di Veronica Bors. Inc., 983 F.2d 551, 554 (3d Cir. 1993)). When a court does not

hold an evidentiary hearing on the motion, a plaintiff's allegations will be treated as if they were true. See Miller Yacht Sales, Inc. v. Smith, 384 F. 3d 93, 97 (3d Cir. 2004)

  D. **Obtaining Leave to Amend A Complaint**

A plaintiff may amend a complaint once without leave of the court before a responsive pleading is filed. Fed. R. Civ. P. 15(a)(1)(A). Once a responsive pleading has been filed, a plaintiff must seek leave of the court to amend the complaint. Fed. R. Civ. P. 15(a)(2). Leave to amend a complaint should be given freely "when justice so requires." Id. A court, however, shall not grant leave to amend a complaint if the complaint is unsalvageable or amending would be inequitable. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).

**III.** **DISCUSSION**

  A. **Constitutional Claims Against the Carter Defendants**

The Carter Defendants have moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), improper service pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 5(m), and for lack of subject matter jurisdiction, pursuant to Fed R. Civ. P. 12(b)(1). With respect to the constitutional claims against the Carter Defendants the Court will only address the Carter Defendants' Fed. R. Civ. P. 12(b)(6) claim. Prior to the filing of the motions to dismiss, Plaintiff moved to amend his Complaint as to the Carter Defendants. In his proposed Amended Complaint, Plaintiff alleges the following against the Carter Defendants: (1) legal malpractice based on Mr. Carter's alleged failure to request a hearing before Plaintiff's sentencing judge; (2) a tort claim against the United States under the Federal Tort Claims Act; and (3) several violations of his constitutional rights. The Carter Defendants argue that none of Plaintiff's proposed amendments can save his original Complaint, and therefore, Plaintiff's

motion to amend should be denied and the case against the Carter Defendants dismissed with prejudice.

Plaintiff's allegations of constitutional violations must be dismissed because he has failed to state a claim upon which relief can be granted. In his proposed Amended Complaint, Plaintiff specified that he intends to seek damages from the Carter Defendants by bringing an action under 42 U.S.C. § 1983. "Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 907 (3d Cir. 1997) (citation omitted). In order to substantiate a §1983 claim, a plaintiff must allege that (1) he has been deprived of a right, privilege, or immunity guaranteed to him by the Constitution or by the laws of the United States and (2) that the defendant acted under color of state law. Robb v. City of Philadelphia, 733 F.3d 286, 290-91 (3d Cir. 1984) (emphasis added). OPD is a subdivision of the Administrative Office of the Courts and is created by federal statute. 18 U.S.C. § 3006A. The Administrative Office of the Courts serves the federal judiciary and as such is a subdivision of the judiciary and is an extension of the federal government. See United States v. Alves, 688 F. Supp. 70, 75 (D. Mass. 1988). As a subdivision of the federal government, OPD attorneys are federal employees. See Sullivan v United States of America, 21 F.3d 198, 200, 2002 (7th Cir. 1994) (finding that full-time Assistant Public Defenders are "employees of the judicial branch"). Section 1983 "does not apply to federal actors." Couden v. Duffy, 446 F.3d 483, 499 (3d Cir. 2006). Furthermore, public defenders do not act under color of state law when performing traditional functions as counsel to an indigent defendant. See Polk County v. Dodson, 454 U.S. 312, 321 (1981). Therefore, Plaintiff cannot establish a cause of action against the Carter Defendants under § 1983.

Plaintiff's proposed Amended Complaint raises <u>Bivens</u> claims against the Carter Defendants. A <u>Bivens</u> action is the "federal equivalent to a [§] 1983 action against state actors." Under <u>Bivens</u> a plaintiff must allege that his constitutional rights have been violated by a state actor acting under color of federal law. See <u>Brown v. Phillip Morris Inc.</u>, 250 F.3d 789, 800 (3d Cir. 2001). The Supreme Court in <u>Polk County</u> opined that state public defenders do not act under color of state law when performing traditional functions as counsel to indigent defendants, hence, it would be inapposite to hold that a federal public defender acts under color of federal law while representing indigent defendants in federal court. See <u>Cox v. Hellerstein</u>, 685 F.3d 1098, 1099 (9th Cir. 1982) ("If a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding").

Plaintiff attempts to distinguish his situation from that in <u>Polk County</u> by arguing that Mr. Carter was not fulfilling the traditional role of defense counsel, but, rather, was performing "investigatory" or "administrative" duties. Plaintiff's attempt is predicated on a possible exception discussed in dicta in the <u>Polk County</u> decision. 454 U.S. at 325. The premise underlying the <u>Polk</u> decision was that once a public defender is assigned to represent a defendant, he, like a privately retained lawyer, owes a duty of undivided loyalty to the defendant, despite being paid by the state. <u>Id.</u> at 318. When, however, a public defender acts in an investigatory or administrative function, he likely is not acting in the capacity of defense counsel. <u>Id.</u> at 318. In this case, Mr. Carter was assigned to represent Plaintiff and Plaintiff has not demonstrated that Mr. Carter was acting in a role other than that of traditional defense counsel. Therefore, Mr. Carter was not acting under color of

9

federal law, and Plaintiff's Bivens action is without merit.

Similarly, Plaintiff cannot seek damages against OPD under Bivens. As discussed above, OPD is a subdivision of the Administrative Office of the Courts, and, thus, is part of the judicial branch of the United States government. Cf. Sullivan v. United States of America, 21 F.3d 198, 202 (7th Cir. 1994). A Bivens action may not be brought against a federal agency, rather, such actions may only be brought against federal employees. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).

Neither Plaintiff's Complaint nor proposed Amended Complaint proffer valid causes of action against the Carter Defendants for constitutional violations. As a consequence, Plaintiff's motion to amend the Complaint with respect to constitutional claims against the Carter Defendants is **denied** and the constitutional claims against the Carter Defendants are **dismissed** pursuant to Fed. R. Civ. P. 12(b)(6).

### B.     Legal Mal Practice Claim

Plaintiff also wishes to amend his Complaint to add a legal malpractice claim against the United States on behalf of the OPD under the Federal Tort Claims Act ("FTCA") and against Mr. Carter. 28 U.S.C. § 1346. A legal malpractice claim against a federal public defender and the POD is governed by state tort law. Polk County v. Dodson, 454 U.S. 312, 325 (1981); see also Delbridge v. Office of Public Defender, 238 N.J. Super. 288, 319 (Law Div. 1989) ("Therefore, negligence (legal malpractice) is not a violation of any civil rights statute; rather, it is a common law tort"). The FTCA provides a limited waiver of the United States' sovereign immunity. 28 U.S.C. § 1346(b); see CNA v. United States, 535 F.3d 132, 138 (3d Cir. 2008). Federal agencies and employees may not be sued under the FTCA; the United States is the only proper defendant. 28 U.S.C. § 1346(b), 2679(a); see CNA v. United States, 535 F.3d 132, 138 n.2; Allegier v. United States, 909 F.2d 869,

10

871 (6th Cir. 1990) ("Failure to name the United States as a defendant in an FTCA suit results in fatal lack of jurisdiction").

Prior to bringing a claim under the FTCA, a plaintiff must first present his claim to the appropriate federal administrative agency. 28 U.S.C. § 2675(a); Bialowas v. United States, 443 F.3d 1047, 1039 (3d Cir. 1971). The purpose of this notice prerequisite is to ease court congestion and to allow the appropriate agency the opportunity to investigate the claim and then to decide whether it wants to settle or defend said claim. See Hawa Abdi Jame v. United States, 22 F. Supp. 2d 353, 367 (D.N.J. 1998). In order to satisfy the notice requirement, a plaintiff must "(1) give the agency written notice of the claim sufficient to enable it to investigate and (2) place a value on the claim." Id. (citation omitted).

In New Jersey, "[t]he standard for determining legal malpractice is that an attorney is obligated to exercise that degree of reasonable knowledge and skill that lawyers of ordinary ability and skill possess." Procanik v. Cillo, 206 N.J.Super. 270, 282-283 (Law Div.1985) (citing St. Pius X House of Retreats v. Camden Dioc., 88 N.J. 571, 588 (1982)). The plaintiff in a legal malpractice action bears the burden of proving that his losses were proximately caused by the negligence of his attorney(s). Delbridge, 238 N.J. Super. at 317. This burden "cannot be satisfied by conjecture, surmise or suspicion." Lamb v. Barbour, 188 N.J.Super. 6, 12, 455 A.2d 1122 (App. Div.1982).

Plaintiff argues that he has fulfilled the notice prerequisite to bringing an action under the FTCA. As proof, Plaintiff submits copies of a complaint sent to the Torts Branch of the United States Department of Justice ("DOJ Torts Branch"). In that complaint, however, Plaintiff never mentions Mr. Carter or OPD, nor does he make any explicit allegations of legal malpractice. Plaintiff's DOJ Torts Branch complaint is based primarily on the actions of the United States

11

Marshals Service and staff at Passaic County. Since Plaintiff failed to mention OPD, Mr. Carter, or Mr. Carter's alleged malpractice, Plaintiff has not given OPD or the Administrative Office of the U.S. Courts sufficient notice of his tort claim. C.f. Banks v. Roberts, 251 Fed. Appx. 774, 776 (3d Cir. 2007) (plaintiff did not give proper notice to Bureau of Prisons where he did not include the negligence cause of action which he relied upon in district court).[2]

Furthermore, Plaintiff's contention that Mr. Carter committed malpractice because Plaintiff was not released to a halfway house and there was allegedly problems with his medical treatment is flawed. Plaintiff does not allege how Mr. Carter's representation of him was negligent. Rather, Plaintiff relies on an *ipso facto* rational and expects the Court to assume that Mr. Carter must have been negligent because there could be no other explanation for the injuries Plaintiff claims to have suffered. This assumption rises to the level of conjecture or speculation, especially considering that Plaintiff was moved to FMC Devens where he most certainly received proper medical treatment after only five days at Passaic County. Plaintiff cannot prevail on his proposed malpractice claim because he cannot show that the alleged negligence of Mr. Carter, if any, was a proximate cause of the harm he sustained. Therefore, even if proper notice had been given, and accepting Plaintiff's alleged facts as true, Plaintiff's claim lacks merit and Plaintiff is not entitled to relief.

Regardless, the Court will not entertain Plaintiff's FTCA action because Plaintiff has not provided sufficient notice as required by the FTCA. Furthermore, under the FTCA there is a two year statute of limitations for submitting a notice of claim. 28 U.S.C. § 2401(b). Plaintiff's cause of action against the Carter Defendants accrued some time after November 16, 2006, when Mr.

---

[2] Since it has been determined that Plaintiff failed to include adequate detail in his notice to the DOJ Torts Branch of the Department of Justice, the Court does not reach the question of whether it was appropriate for Plaintiff to send his notice to the Torts Branch of the Department of Justice.

Carter was assigned to represent Plaintiff. Given the period during which Mr. Carter represented Plaintiff, the cause of action accrued more than two years prior to Plaintiff's attempt to add his FTCA claim. Plaintiff's motion to amend the Complaint regarding tort claims against the Carter Defendants is **denied**.

### D. Plaintiff's Claims Against the Fletcher Defendants

Plaintiff alleges several causes of action against the Fletcher Defendants, including medical malpractice for the surgery and subsequent care he received at the hospital following his paralysis on October 24, 2004. The Fletcher Defendants have moved to dismiss the claims against them for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) because they are not residents of and have no contacts with New Jersey, improper service pursuant to Fed. R. Civ. P. 12(b)(5), and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The Court will only address the Fletcher Defendants' lack of personal jurisdiction claim.

In order for this Court to have jurisdiction over the Fletcher Defendants, Plaintiff must evoke New Jersey's long-arm statute. Fed. R. Civ. P. 4(e). New Jersey's long-arm statute allows New Jersey courts to exercise personal jurisdiction over defendants to the full extent permitted by the Due Process Clause. See IMO Industries, Inc. V. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998). Due process requires that a non-resident defendant have minimum contacts in the forum state, such that, the "suit does not offend 'traditional notions of fair play and substantial justice.'" Gehling v. St. George's School of Medicine, Ltd. 773 F.2d 539, 541 (3d Cir. 1985) (internal quotations and citation omitted). Specific jurisdiction exists over an individual if the cause of action relates to the defendant's activities in the forum. Id. Where this is not the case, there must be general jurisdiction, which exists when the defendant has a continuous and systematic presence in the forum. Id.

Plaintiff has made no showing that the Fletcher Defendants have any contacts with New

Jersey.  Fletcher Allen is a teaching hospital in Burlington, Vermont, and Plaintiff has come forth with no evidence that the Fletcher Defendants are affiliated with any hospitals, medical centers, or health care facilities in New Jersey, nor has Plaintiff shown that Fletcher Allen advertises in New Jersey.  Plaintiff has presented no evidence that any of the individual doctors named in the Complaint live, practice, or are licensed to practice medicine in New Jersey.  Furthermore, this Court has declined to exercise personal jurisdiction over doctors and hospitals in foreign jurisdictions.  See Brownstein v. New York Universtiy Medical Center, No. 94-907, 1994 WL 669620, *6 (D.N.J. Nov. 22, 1994) (reaffirming the rule that "a doctor's treatment is essentially a local act, and not one that, without more, will subject her to long arm jurisdiction in the plaintiff's home forum").

Since there is no evidence to suggest that the Fletcher Defendants have any contacts or presence in New Jersey, this Court lacks the constitutional authority to exercise jurisdiction over them.  Therefore, the claims against the Fletcher Defendants are **dismissed**.

### E.  Correction Health Services, LLC's Fed. R. Civ. P. 12(d)5 Motion

Pursuant to Fed. R. Civ. P. 12(b)(5), a defendant may move to challenge the sufficiency of service of process.  Under Fed. R. Civ. P. 4, a plaintiff has 120-days to serve an entity such as Correctional Health Services, LLC ("CHS") by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;" or by a method of service allowed by New Jersey law to serve an individual.  Grandi v. Main Line Fuel Service, Inc., 2009 WL 1045020 *1 (D.N.J. Apr. 20, 2009); Fed. R. Civ. P. 4(h).

In this case, CHS avers that it ceased to provide services to and to be present at Passaic County Jail since December 31, 2006.  For this reason, since January of 2007 there was no one authorized to accept service on behalf of CHS at Passaic County Jail.  On December 1, 2008, the

14

United States Marshals Service filed a Return of Service for CHS.  CHS asserts that P.B. Zejada accepted service on behalf of CHS but that this person was not an employee, agent or representative of CHS and was not authorized to accept serve of process.  CHS argues that it has not been served as required under Fed. R. Civ. P. 4 and that the 120-day time limitation to serve process has expired.

Plaintiff argues that he his a *pro se* litigant and that the Marshals Service was Ordered by the Court to serve process on his behalf.  While Plaintiff is acting *pro se* and this Court directed the Marshals Service to serve process, Plaintiff made no effort to facilitate service nor to ensure that service was adequately perfected.  Moreover, since the Court has dismissed Plaintiff's claims against all Defendants that moved to dismiss, it would be inappropriate to allow Plaintiff to now properly serve CHS after such a large amount of time has passed since service should have been effectuated and presumably CHS would have brought a substantive motion to dismiss had service been perfected.  Given that service upon CHS was attempted through the Passaic County Jail and there was no one there authorized by CHS or law to accept service on behalf of CHS, the Court finds that CHS was not properly served.  Since the 120-day time limitation to serve process has long passed the Court finds that in accordance with Fed. R. Civ. P. 4(h) and (m), Plaintiff's claims against CHS are **dismissed**.

### F.     Motion for Default Judgment Against Dr. David Nathan

Plaintiff has moved for default judgment against Dr. David Nathan, a former employee of Fletcher Allen who allegedly assisted in the surgery performed on Plaintiff, for failure to answer or respond to the Complaint.  A defendant must either be served with the summons and complaint personally, by leaving a copy of the summons and complaint at the defendant's "dwelling or usual place of abode with someone of suitable age and discretion who lives there," or by "delivering a copy

of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

Plaintiff was granted leave by the Court to proceed *in forma pauperis*, and the United States Marshals Service was directed to serve all of the Defendants named in the Complaint, including Dr. Nathan. The United States Marshals Service informed the Court that the serving officer was unable to locate Dr. Nathan and no forwarding address was obtained. Therefore, Dr. Nathan has not been served and Plaintiff's motion for default judgment is **denied**. See Francis v. Joint Force Headquarters, 2006 U.S. Dist. LEXIS 72738, *13-15 (D.N.J. Oct. 4, 2006)(*pro se* litigant's suit dismissed for failure to give sufficient notice where he mailed a summons and complaint to the defendant's workplace and there was no evidence that the defendant received either).

### IV.   CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's motion for leave to amend the Complaint is **denied**; Carter Defendants' motion to dismiss is **granted**; Fletcher Defendants' motion to dismiss is **granted**; CHS's motion to dismiss is **granted**; and Plaintiff's motion for default judgment against Dr. Nathan is **denied**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh<br>Dennis M. Cavanaugh, U.S.D.J.

Date:   June   25   , 2009
Orig.:  Clerk
cc:     Counsel of Record
        The Honorable Mark Falk, U.S.M.J.
        File