NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AKTHAM ABUHOURAN, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 07-CV-05108(DMC) |
| | : | |
| FLETCHER ALLEN HEALTHCARE, et al., | : | |
| | : | |
| Defendants. | : | |

DICKSON, U.S.M.J.:

This matter comes before the court upon application by *pro se* Plaintiff Aktham Abuhouran ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the Plaintiff's submissions, and based upon the following, it is the finding of the Court that Plaintiff's application is **denied**.

### I.   BACKGROUND

On or about October 24, 2007, Plaintiff filed a Civil Rights Complaint against a number of defendants alleging, *inter alia*, medical malpractice and the deprivation of medical treatment. Plaintiff alleges that on October 24, 2004, while serving a ten year sentence for bank fraud, money laundering, and perjury, he suffered an injury in which he lost the ability to walk and move his lower body. Emergency surgery was performed at Fletcher Allen Health Care in Burlington, Vermont, whereupon Plaintiff was later transferred to the Federal Medical Center

Fort Devens, an administrative housing unit for federal prisoners who require specialized or long term medical care.

Plaintiff was originally scheduled to remain at the Fort Devens facility until his release in February 2009. On November 22, 2005, however, Plaintiff claims he received a modified sentence, whereby he was to be released to a halfway house on June 15, 2006 where he was to remain until his revised release date of November 22, 2006. Thereafter, Plaintiff was released from custody on November 7, 2006 due to an alleged misinterpretation of the Court Order clarifying Plaintiff's modified sentence.

On November 15, 2006, upon realizing a mistake was made, the Federal Bureau of Prisons had Plaintiff arrested by two United States Marshals and held at the Passaic County Jail in Paterson, New Jersey. Plaintiff alleges that the staff at the Passaic County Jail was aware that Plaintiff suffered from medical conditions, including diabetes and hypertension, and ignored his need for medical care and medication for a period of five days. Plaintiff claims that this deprivation of care subjected him to "gratuitous physical, mental, and emotional torture," resulting in long-term cumulative harm.

Plaintiff subsequently filed a Complaint on October 24, 2007 against a number of defendants, including the Passaic County Jail, the Passaic County Warden, Unknown Correctional Officers, Peter M. Carter, Esq., the Office of the Federal Public Defender, Fletcher Allen Health Care, Inc., Dr. Michael A. Hogan, Dr. David Nathan, Dr. Timothy Link and the University of Vermont.

In an Opinion and Order dated June 25, 2009, Judge Cavanaugh dismissed Defendants Fletcher Allen Healthcare, Inc, the University of Vermont, Dr. Michael A. Horgan, Dr. Timothy Link, Peter M. Carter, and the Office of Public Defender, and denied Plaintiff's motion for leave

to amend the Complaint. Only Defendants Dr. David Nathan, Passaic County Jail, Correctional Health Services, Medical Staff and Known and Unknown Correctional Officers, and the Warden of Passaic County Jail remain.

On March 10, 2010, Plaintiff impermissibly filed an Amended Complaint asserting various claims that were previously dismissed with prejudice in the Court's June 25, 2009 Opinion and Order. Judge Cavanaugh refused to reconsider these claims and dismissed all new claims filed in the Amended Complaint in an Opinion and Order dated April 26, 2010. On July 5, 2010, Plaintiff subsequently applied for *pro bono* counsel citing his indigent status and the complexity of the issues at hand.

## II.   DISCUSSION

Congress has proscribed the district court broad discretion in appointing *pro bono* counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). Nonetheless, the district courts must consider certain evaluative factors, including whether: (1) the claim has some merit; (2) the *pro se* party lacks the ability to present an effective case without an attorney; (3) the legal issues are complex or, if the ultimate legal issues are not complex, the *pro se* party lacks the familiarity with the rule of evidence and discovery needed to translate understanding of the law into presentation of the proofs; (4) factual investigation will be necessary and the *pro se* party is not adequately able to pursue said investigation; (5) the case is likely to turn on credibility determinations; (6) the case will require expert testimony; and (7) the *pro se* party is unable to attain and afford counsel on his/her own behalf. See Parham v. Johns, 126 F.3d 454 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155, 158 (3d Cir. 1993). While no single factor is determinative, the Third Circuit has emphasized

that as a threshold issue, the district court must make a determination as to the merits of Plaintiff's claims before engaging in further evaluation. See Tabron, 6 F.3d at 155.

In the present case, Plaintiff alleges that the defendants violated his civil rights under 42 U.S.C. § 1983 by depriving him of medical treatment, thus denying him his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, Plaintiff alleges that during the five days he was incarcerated at the Passaic County Jail, he was refused medical care and medication for the treatment of diabetes and hypertension, subjecting him "to gratuitous physical, mental and emotional torture for [a] period of five days." Despite his alleged pleas for help, he claims he was refused his medication, which caused him physical injury and residual physical harm.

In order to state a cognizable claim based on the deprivation of medical care, a plaintiff must show more than negligence; he must establish that the defendants acted "with deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). Under this standard, Plaintiff must first make a showing that the deprivation was "sufficiently serious" and then show that defendants acted with a "sufficiently culpable state of mind." Montgomery, 294 F.3d at 498.

A medical need is regarded as "serious" if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Pace v. Fauver, 479 F.Supp. 456, 458 (D.N.J. 1979). Here, Plaintiff alleges that he has been diagnosed with, and prescribed medicine for, diabetes and heart conditions. Because both conditions can be life threatening if not properly treated, they are of such nature as to satisfy the seriousness prong of the Estelle test. Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir.1987).

Additionally, Plaintiff's claims allege the necessary intentional indifference by the Defendants sufficient to establish the second prong of the Estelle test.   In Lanzaro, it was noted that deliberate indifference could exist in many different contexts, such as where prison authorities intentionally refuse to provide care or where an inmate is passively prevented from receiving recommended treatment.  Lanzaro, 834 F.2d at 346.  In the present case, Plaintiff alleges that the Defendants were "aware of [his] medical condition through [his] repeated requests to have [his] diabetes and high blood pressure medications." Accordingly, on their face, Plaintiff's claims pass muster under the Estelle test, thereby establishing the requisite merit in both fact and law. Nonetheless, a finding that Plaintiff has presented meritorious action does not conclude the inquiry; the Court must next evaluate the remaining criteria in the *pro bono* counsel analysis.

Upon a sufficient showing of merit, the Court must then look at ability of the plaintiff to present his case in determining whether to appoint counsel.  Tabron, 6 F.3d at 156.  Here, Plaintiff has demonstrated through his active participation in this case for almost two years that he has an adequate understanding of his claims.  Furthermore, he is both literate and appears capable of performing the research necessary to develop his suit.  He has responded to all pending motions and has sought the Court's relief by filing his own motions on his own behalf in an articulate and comprehensive manner.  Finally, he has shown that he has access to necessary resources, including a computer or typewriter, as evidenced by the multiple filings he has made with the court.  See Rayes v. Johnson, 969 F.2d 700 (8th Cir. 1992).  Plaintiff has clearly established that he is more than able to effectively present his case without an attorney.

Next, the Court must consider the complexity of the particular issues involved and the degree to which factual investigation and expert testimony is required.  See Tabron, 6 F.3d at 156.  The issue in this case is whether the Defendants were deliberately indifferent to Plaintiff's

serious medical needs.  Plaintiff has not demonstrated at this stage of the proceedings that the factual claims are difficult to understand or that the legal issues involved are too complex such that the appointment of counsel is required.  Indeed this application was well presented and contained an articulate, cogent explanation of the facts and relevant law.   While a factual investigation may be necessary to further his claims, Plaintiff has not shown that he is unable to pursue this investigation on his own accord or that he is unable to obtain medical experts to aid him in his pursuit.   Furthermore, unlike the plaintiffs in <u>Tabron</u> or <u>Parham</u>, Plaintiff is not currently incarcerated and, thus, has access to a variety of resources often unavailable to imprisoned individuals.

Finally, the ability of the plaintiff to obtain and afford counsel on his own behalf is an important factor.  However, Plaintiff only argues generally that he cannot afford an attorney due to his limited financial income.  Plaintiff provides no evidence that he is unable to obtain an attorney or that he even attempted to try to retain one.  Although the Court finds that Plaintiff has not met his burden on this issue, even had Plaintiff convinced the Court that he could not obtain an attorney, financial ability is only one factor to consider and does not outweigh the others.

Accordingly, based on the clarity and sufficiency of Plaintiff's pleadings and filings, and in recognition that he is not currently incarcerated and has access to a variety of resources, the appointment of *pro bono* counsel is not appropriate at this time.

**III.**   **CONCLUSION**

For the reasons stated, it is the finding of this Court that Plaintiff's application for appointment of pro bono counsel is denied without prejudice.   An appropriate Order accompanies this Opinion.

_____
Joseph A. Dickson, U.S.M.J.

Date:          September 16, 2010
Original:       Clerk's Office
cc:            The Honorable Dennis M. Cavanaugh, U.S.D.J.
               All Counsel of Record
               File